UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CLARENCE BAREFIELD,
    Petitioner,

v.                                                       Case No.: 5:22-cv-294-KKM-PRL

WARDEN, FCC COLEMAN - MEDIUM,
    Respondent.
_____

**ORDER**

    Clarence Barefield, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) Barefield claims that the Bureau of Prisons (BOP) improperly found him ineligible to participation in the Residential Drug Abuse Treatment Program (RDAP).[1] The Respondent asks the Court to dismiss the petition as the claims are not cognizable in a habeas petition, or, alternatively, to deny the petition. (Doc. 8.) Despite being afforded an opportunity to file a reply, *see* Doc. 4, Barefield did not do so. Upon a thorough review of the pleadings and record in this case, the Court finds that the petition is due to be dismissed.

    Barefield's claims are not cognizable in a petition for writ of habeas corpus under § 2241. The petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). In contrast, a civil rights complaint is the

---

[1] RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. *See* 28 C.F.R. § 550.53.

1

appropriate avenue for relief for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499. Here, Barefield raises allegations related to the conditions of his confinement—his eligibility to participate in the RDAP program.

Even if the Court were to construe the petition as a civil rights complaint alleging due process violations for the BOP's failure to admit him to the RDAP program, Barefield's claims are without merit. In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Barefield has no constitutionally protected liberty interest in participating in RDAP, as "Congress has given federal prison officials full discretion to control" prisoner eligibility for rehabilitative programs, and federal prisoners have no statutory or constitutional right to participate in such programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Finally, even if Barefield were eligible to participate in RDAP, it is a matter of BOP discretion. *See Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) ("Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. And that decision is not subject to judicial review.").

Therefore, it is **ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**ORDERED** in Ocala, Florida on December 29, 2023.

Kathryn Kimball Mizelle
United States District Judge